UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD L. COYNE; ANN COYNE COLEMAN;
JOAN M. COYNE,

               Plaintiffs,

vs.                        Case No.  2:05-cv-25-FtM-29SPC

LUCKY M.K., INC.,

               Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss and Motion to Strike (Doc. #13), filed on March 3, 2005. Plaintiffs filed their response (Doc. #16), on March 9, 2005. The Court concludes that the Complaint suffers from some of the pleading deficiencies set forth by defendant, and that an amended complaint must be filed.

## I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268

F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

## II.

Defendant is correct that the Introduction portion of the Complaint fails to comply with the Federal Rules of Civil Procedure because the paragraphs are unnumbered and refers to more than a single set of circumstances.  The Introduction portion is subject to being stricken, but since an amended complaint will be required the Court will simply direct that the Introduction portion be omitted from the amended complaint.

Defendant is also correct that Count VIII improperly incorporates all preceding paragraphs and counts. <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001); <u>Cramer v. State of Florida</u>, 117 F.3d 1258, 1263 (11th Cir. 1997). Count VIII must be amended to omit such incorporation.

Defendant properly complains about the single paragraph which contains requested relief which relates to all counts without specifically referring to which items of relief relate to which count. This is confusing, and fails to allow the opposing party to formulate a Rule 11 motion if relief is requested which, as a matter of law, is not available for any given count. The Court will direct that the requested relief be included with each individual count of the amended complaint.

Defendant's argument that the complaint must be dismissed for failing to attach the signed contracts is without merit. There is no requirement that such contracts be attached, and the complaint adequately alleges the existence of such contracts.

Defendant argues that Counts I-VII should be dismissed for failure to allege performance of conditions precedent. While the Complaint does not generically allege performance of conditions precedent as allowed by Fed. R. Civ. P. 9(c), the Court finds that paragraphs 21 and 22 of the Complaint are sufficient under the liberal pleading standard summarized above.

Defendant argument that plaintiffs failed to plead the necessary elements to validly assert a declaratory action is also without merit.  While the count does not use the typical "magic language," the facts alleged clearly set forth the necessary elements for a declaratory judgment count.  The Court rejects defendant's suggestion that not all necessary parties are before the Court or that the questionable efficacy of the count requires dismissal.

Accordingly, it is now

**ORDERED**:

The Motion to Dismiss and Motion to Strike (Doc. #13) is **GRANTED** to the extend that the Complaint is dismissed and plaintiff shall file an Amended Complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of May, 2005.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record

-4-